IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANNY R. SCARBOROUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-1205 |
| ) | |
| NAVAL DISCHARGE REVIEW BOARD, ) | Judge Trauger |
| BOARD OF CORRECTION FOR NAVAL ) | |
| RECORDS, and UNITED STATES ) | |
| MARINE CORPS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Danny R. Scarborough has filed a *pro se* complaint (ECF No. 1) seeking relief related to a decades-old military discharge. Because the complaint is filed *in forma pauperis*, the court must conduct an initial review of the complaint, and dismiss it prior to service on the defendants if it fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). For the reasons set forth herein, the court finds that the complaint must be dismissed under that standard.

### I.  Factual and Procedural Background

The complaint in this case is largely incoherent, but the court gathers from the list of chronological events and the documents attached to the complaint that the plaintiff seeks to challenge his dishonorable discharge from the United States Marine Corps in 1981, which was allegedly premised on erroneous entries on his naval record, which the Naval Discharge Review Board and the Board of Correction for Naval Records have refused to correct, despite notice and requests that they do so. The plaintiff states that he seeks to pursue a claim of breach of contract, or to have this court upgrade his discharge to "Medical Discharge under General Conditions." (ECF No. 1 at 2.) He also states that he would not object if the court determines that his claims must be decided by a military court.

In 2005, the plaintiff filed a complaint in this court asserting nearly identical factual allegations and demanding essentially the same relief,[1] though that action named only the U.S. Marine Corps as a defendant.

---

[1] The 2005 complaint actually contains much more factual detail than the current complaint.

That action, too, was filed *in forma pauperis*. The action was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief could be granted, on the basis that it was barred by the statute of limitations set forth in 28 U.S.C. § 2401. *Scarborough v. U.S. Marine Corps*, No. 3:05-cv-1051 (M.D. Tenn. July 6, 2006). The plaintiff appealed, and the Sixth Circuit affirmed. *Scarborough v. U.S. Marine Corps*, No. 06-5950 (6th Cir. Jan. 29, 2007).

## II.     Analysis

Although *pro se* complaints are to be construed liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), under 28 U.S.C. § 1915(e)(2), courts are required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii).

### A.     The Claims Against the Marine Corps Are Barred by *Res Judicata*.

"The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from relitigating issues that were or could have been raised' in [that] prior action." *Harris v. Ashley*, No. 97–5961, 1998 WL 681219, at *2 (6th Cir. Sept. 14, 1998) (per curiam) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995), in turn quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). The doctrine applies not only to issues which were actually raised and litigated in the prior action, but also to any issues "which the parties, exercising reasonable diligence, might have brought forward at the time." *Id.* at *3 (internal citation and quotation omitted); *see also Parker v. Gibbons*, 62 F. App'x 95, 96 (6th Cir. 2003) (citing *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 213 (6th Cir. 1996)) ("Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented."). Consideration of a subsequent complaint is precluded under the *res judicata* doctrine if: (1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; (2) the subsequent action involves the same parties, or their privies, as the first action; (3) the second action raises issues or claims which were either actually litigated or should have been raised and litigated in the prior action; and (4) there is an "identity" between the causes of action to the extent the "claims arose out of the same transaction or series of transactions, or . . . the same core of

-2-

operative facts." *Browning v. Levy*, 283 F.3d 761, 771–72, 773–74 (6th Cir. 2002) (internal citation and quotation omitted); *see also Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006).

The court finds that all four elements necessary for the application of the *res judicata* doctrine are present in this case, at least as to the U.S. Marine Corps. First, the dismissal of the plaintiff's prior complaint with prejudice for failure to state a claim based on the statute of limitations constituted a final decision on the merits for *res judicata* purposes. *See, e.g.*, *Taylor v. Reynolds*, 22 F. App'x 537, 539 (6th Cir. 2001) (the dismissal of claims under 28 U.S.C. § 1915(e)(2)(B) "creates a *res judicata* bar to the presentation of further *in forma pauperis* cases raising the same claims"); *Harmon v. Webster*, 263 F. App'x 844, 845–46 (11th Cir. 2008) (per curiam) (dismissal of prior complaint under 28 U.S.C. § 1915(e)(2) constituted an adjudication on the merits for *res judicata* purposes), *cert. denied*, 555 U.S. 1183 (2009).

Second, the instant case involves the same parties as the prior action, because the plaintiff included the U.S. Marine Corps as a named defendant in that action. Finally, the plaintiff's allegations against that defendant were or could have been raised in the prior action, and the claims raised in both cases arise out of and are predicated on the same events and same operative facts. To the extent the plaintiff requests in the instant action any additional relief not sought in the 2005 action, the complaint is still barred by *res judicata,* because the plaintiff could have raised any such additional claims in the prior action.

Accordingly, the plaintiff's claims against the Marine Corps are subject to dismissal because the doctrine of *res judicata*, or claim preclusion, applies to bar consideration of those claims, all of which were or could have been raised in the prior lawsuit that was dismissed with prejudice on July 6, 2006.

**B.     The Remaining Claims Are Barred by the Statute of Limitations.**

With respect to the other two defendants, Naval Discharge Review Board and Board of Correction for Naval Records, even if the claims against them are not barred by *res judicata*, they are nonetheless barred by the six-year statute of limitations set forth in 28 U.S.C. § 2401, for the same reasons discussed at length in Magistrate Judge Cliff Knowles' detailed and thorough analysis of the application of the statute of limitations in the Report and Recommendation issued in that case, which is incorporated herein by reference. *Scarborough v. U.S. Marine Corps*, No. 3:05-cv-1051 (M.D. Tenn. May 11, 2006) (Knowles, M.J.) (ECF No. 5).

**III.    Conclusion**

For the reasons set forth herein, this matter will be dismissed with prejudice for failure to state a claim for which relief may be granted. The court further finds that an appeal of this matter would not be taken in good faith, and therefore will deny certification under 28 U.S.C. § 1915(a)(3)

An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge